# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1143V
Filed: July 25, 2019
UNPUBLISHED

| | |
|---|---|
| IRIS J. JACKSON,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for petitioner.*
*Ashley Monique Simpson, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On August 6, 2018, Iris J. Jackson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on September 25, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 24, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states that

> [t]he Division of Injury Compensation Programs has reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA.  Specifically, petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she suffered the onset of pain within forty eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms.  Therefore, petitioner is entitled to compensation.

*Id.* at 4-5.  Respondent further agrees that "the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master